J-A33017-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| E.R., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | |
| | : | |
| J.N.B. | : | No. 168 EDA 2014 |

Appeal from the Order Entered December 4, 2013,
in the Court of Common Pleas of Lehigh County,
Civil Division, at No(s): 2011-FC-0511

BEFORE:    LAZARUS, WECHT, and STRASSBURGER, JJ.*

JUDGMENT ORDER BY STRASSBURGER, J.:          **FILED MARCH 04, 2015**

E.R. (Father) appeals from the custody order entered December 4, 2013 wherein the trial court granted J.N.B. (Mother) primary physical custody of the parties' child, X.R. (Child) and limited Father's custody to periods of supervised visitation.  In addition, Father challenges the propriety of the trial court's order precluding Joseph P. Maher, Esq. from representing Father.

A review of the certified record indicates that we are missing a number of items listed on the official court docket, beginning with the original custody complaint filed April 12, 2011 (labeled in the docket as "1") through the December 11, 2013 custody scheduling order (labeled in the docket as "83").  This list includes the transcript of the September 6, 2013 hearing that forms the basis of Father's first question on appeal.  The transcript was

_____

*Retired Senior Judge assigned to the Superior Court.

requested by Father, and appears on the docket, but is absent from the certified record. We are unable to complete a meaningful review of Father's appellate issues without these items. According, we remand for perfection of the certified record.

Additionally, since the enactment of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), 23 Pa.C.S.A. §§ 5321-5340, this Court has repeatedly held that the Act requires an evaluation of **all** sixteen factors in every case. This is especially true where, as here, a party is requesting the court modify the custody order to grant him equal physical custody. ***See e.g., J.R.M. v. J.E.A.***, 33 A.3d 647, 652 (Pa. Super. 2011) (holding that, the trial court erred in failing to consider all of the "statutorily mandated" factors listed in section 5328(a) before awarding mother primary physical custody). A review of the trial court's February 26, 2014 opinion reveals that it failed to consider properly the statutorily mandated factors in arriving at its custody determination. Accordingly, we are constrained to remand for a new 1925(a) opinion considering all of the aforementioned factors.

Case remanded for further proceedings in accordance with this Judgment Order. Jurisdiction is retained.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/4/2015